Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

FILED
'06 NOV -2 P 3:02

U.S.A. vs. SHAWN P. DAVENPORT                              Docket Nos. 00-00203-001

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Shawn P. Davenport, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Pittsburgh, Pennsylvania, on the 12th day of June 2001, who fixed the period of supervision at five years at each criminal number. and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall be prohibited from possessing a firearm or destructive device.
- The defendant shall refrain from the unlawful use of a controlled substance.
- The defendant shall submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter.
- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual costs.
- The defendant shall provide the probation officer with access to any requested financial information.
- The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
- The defendant shall pay a special assessment of $100.

U.S.A. vs. SHAWN P. DAVENPORT                              Docket Nos. 00-00220-001 ✓

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Shawn P. Davenport, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Pittsburgh, Pennsylvania, on the 12th day of June 2001, who fixed the period of supervision at five years at each criminal number. and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall be prohibited from possessing a firearm or destructive device.
- The defendant shall refrain from the unlawful use of a controlled substance.
- The defendant shall submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter.

U.S.A. vs. SHAWN P. DAVENPORT
Docket Nos. 00-00203-001 and 00-00220-001
Page 2

- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual costs.
- The defendant shall pay the remaining balance of restitution through monthly installments of at least 10 percent of his gross monthly income.
- The defendant shall provide the probation officer with access to any requested financial information.
- The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
- The defendant shall pay $280,000 in restitution.
- The defendant shall pay a special assessment of $100.

06-12-01:   Criminal No. 00-00203-001: Bank Fraud; 33 months' custody of the Bureau of Prisons, 5 years' supervised release.
Criminal No. 00-00220-001: Bank Fraud; 33 months' custody of the Bureau of Prisons, to be served concurrently with Criminal No. 00-00203-001, 5 years' supervised release, to be served concurrently with Criminal No. 00-00203-001.

08-20-03:   Judgment modified by Senior United States District Judge Maurice B. Cohill, Jr., to time served at Criminal Nos. 00-00203-001 and 00-00220-001. All other aspects of the original judgment remained the same.

08-25-03:   Released to supervision; Currently supervised by U.S. Probation Officer David J. Conde.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that the releasee has violated the following conditions of his probation:

**The defendant shall not leave the judicial district without permission of the Court or the probation officer.**
**The defendant shall notify the probation officer ten days prior to any change in residence or employment.**

The Probation Office is advising the Court at this time that the whereabouts of Shawn Davenport is unknown. The last personal contact with Mr. Davenport by the Probation Office was on May 18, 2006, at which time he reported that he was residing with his girlfriend at her new residence in Erie, Pennsylvania. On May 31, 2006, Mr. Davenport's girlfriend contacted the Probation Office and advised that she and Mr. Davenport were no longer residing together. On July 18, 2006, this officer went to the last known employer for Mr. Davenport, Erie Coke. It was discovered that Mr. Davenport was no longer employed there and had not been since May 11, 2006. On this same day, contact was made at the girlfriend's residence; the last known address for Mr. Davenport. The probation officer was advised that Mr. Davenport had not resided there for over a month. On July 24, 2006, the Probation Office attempted to make contact with Mr. Davenport via a telephone number provided to the Probation Office by Mr. Davenport on May 15, 2006. The telephone number was disconnected. On July 26, 2006, Mr. Davenport's girlfriend contacted the Probation Office and provided an address which appeared on correspondence that she received from Mr. Davenport. A request was made to the United States Probation Office,

U.S.A. vs. SHAWN P. DAVENPORT
Docket Nos. 00-00203-001 and 00-00220-001
Page 3

Pittsburgh, Pennsylvania, to attempt to confirm the address and make contact with Mr. Davenport. It was determined that the address was legitimate but no one by the name of Shawn Davenport was residing at the location. On August 28, 2006, the Probation Office was contacted by the Erie County Domestic Relations Office and was advised that a child support payment originating out of Michigan had been received from Mr. Davenport. On October 26, 2006, the Probation Office made contact with Mr. Davenport's stepmother. She indicated that he had been in that area for several weeks during the summer. However, she nor her husband, Davenport's father, have had contact with Davenport for several months and his whereabouts were unknown. Mr. Davenport has not received permission from the Probation Office to be outside of the Western District of Pennsylvania.

> **The defendant shall report to the probation officer and shall submit a truthful and complete written monthly report within the first five days of each month.**

Mr. Davenport has not submitted a written monthly report since May 5, 2006, which was for the month of March 2006. Mr. Davenport has failed to submit a written monthly report for the months of April, May, June, July, August, and September 2006.

> **The defendant shall pay the remaining balance of restitution through monthly installments of a least 10 percent of his gross monthly income.**

A restitution payment has not been received from Mr. Davenport since February 10, 2006. A total of $410.75 was paid by Mr. Davenport since his release from custody on August 20, 2003.

PRAYING THAT THE COURT WILL ORDER that a bench warrant be issued for the arrest of the supervised releasee for alleged violation of supervision and that bond be set at $ _10,000_ .

ORDER OF COURT

Considered and ordered this __6th__ day of __Nov.__, 20 _06_ and ordered filed and made a part of the records in the above case.

_____
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _November 2, 2006_

_____
David J. Conde
U.S. Probation Officer

_____
Gerald R. Buban
Supervising U.S. Probation Officer

Place:   Erie, PA