Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

**U.S.A. vs. SHAWN P. DAVENPORT**　　　　　　　　　　　　　　　　**Docket No. 00-00203-001**

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Shawn P. Davenport, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Pittsburgh, Pennsylvania, on the 12th day of June 2001, who fixed the period of supervision at five years at each criminal number and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall be prohibited from possessing a firearm or destructive device.
- The defendant shall refrain from the unlawful use of a controlled substance.
- The defendant shall submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter.
- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual costs.
- The defendant shall provide the probation officer with access to any requested financial information.
- The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
- The defendant shall pay a special assessment of $100.

**U.S.A. vs. SHAWN P. DAVENPORT**　　　　　　　　　　　　　　　　**Docket No. 00-00220-001**

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Shawn P. Davenport, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Pittsburgh, Pennsylvania, on the 12th day of June 2001, who fixed the period of supervision at five years at each criminal number and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall be prohibited from possessing a firearm or destructive device.
- The defendant shall refrain from the unlawful use of a controlled substance.
- The defendant shall submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter.

**FILED**

AUG - 7 2008

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

U.S.A. vs. SHAWN P. DAVENPORT
Docket Nos. 00-00203-001 and 00-00220-001
Page 2

- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual costs.
- The defendant shall pay the remaining balance of restitution through monthly installments of at least 10 percent of his gross monthly income.
- The defendant shall provide the probation officer with access to any requested financial information.
- The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
- The defendant shall pay $280,000 in restitution.
- The defendant shall pay a special assessment of $100.

06-12-01:   Criminal No. 00-00203-001:  Bank Fraud; 33 months' custody of the Bureau of Prisons, 5 years' supervised release.
Criminal No. 00-00220-001:  Bank Fraud; 33 months' custody of the Bureau of Prisons, to be served concurrently with Criminal No. 00-00203-001, 5 years' supervised release, to be served concurrently with Criminal No. 00-00203-001.

08-20-03:   Judgment modified by Senior United States District Judge Maurice B. Cohill, Jr., to time served at Criminal Nos. 00-00203-001 and 00-00220-001. All other aspects of the original judgment remained the same.

11-11-06:   Bench warrant issued and bond set at $10,000 cash by Senior United States District Judge Maurice B. Cohill, Jr.

01-17-07:   Show cause hearing held and term of supervised release revoked, Senior United States District Judge Mauric B. Cohill, Jr., at Criminal Nos. 00-00203-001 and 00-00220-001. Sentenced to 3 months' custody of the Bureau of Prisons, to be followed by 57 months' supervised release at each criminal number, to be served concurrently.

02-23-07:   Released to supervision; Currently supervised by U.S. Probation Officer Specialist David J. Conde.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that the releasee has violated the following conditions of his probation:

**The defendant shall notify the probation officer ten days prior to any change in residence or employment.**

The last personal contact with Mr. Davenport by the Probation Office was on March 27, 2008, at which time he reported that he was a resident at the City Mission located in Erie, Pennsylvania. At that time, Mr. Davenport was instructed to report every Thursday to the Probation Office, and he was expected to continue residing at the City Mission and continue in their Good Samaritan program. The Probation Office had confirmed on March 26, 2008, that Mr. Davenport was residing at the City Mission and was involved in their drug and alcohol program. Mr. Davenport failed to report to the Probation Office on April 3, 10, and 17, 2008. After failing to report for three consecutive weeks, an attempt to see Mr. Davenport at the City Mission was made to ascertain why he had failed to report to the Probation Office. The Probation Office discovered that Mr. Davenport left the facility on March 28, 2008, and told staff that he had to leave because the Probation Office had instructed him that he had to be employed. Attempts to locate Mr. Davenport by the Probation Office to date have been unsuccessful. The lone contact information provided by him to the City Mission was to his mother. All attempts to contact her have been unsuccessful.

U.S.A. vs. SHAWN P. DAVENPORT
Docket Nos. 00-00203-001 and 00-00220-001
Page 3

**The defendant shall report to the probation officer and shall submit a truthful and complete written monthly report within the first five days of each month.**

Mr. Davenport has not submitted a written monthly report since March 10, 2008, which was for the month of February, 2008. Mr. Davenport has failed to submit a written monthly report for the months of April 2008 through July 2008.

**The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual costs.**

Mr. Davenport was referred to drug and alcohol counseling outpatient services at Gaudenzia/Crossroads in August 2007. Mr. Davenport was discharged unsatisfactorily in April 2008 after he failed to attend counseling sessions. While in counseling, his attendance was inconsistent, making and missing sessions at an irregular rate. In addition, Mr. Davenport was participating in the residential drug and alcohol program at the City Mission when he was last seen by the Probation Office. At that time, Mr. Davenport was mandated to continue participating in the program until he was released by the Probation Office. Release authorization was never provided by the Probation Office.

PRAYING THAT THE COURT WILL ORDER that a bench warrant be issued for the arrest of the supervised releasee for alleged violation of supervision and that bond be set at $ _____.

|  |  |
|---|---|
| **ORDER OF COURT**<br><br>Considered and ordered this _____ day of<br>_____, 20 ____ and ordered filed and made a part of the records in the above case.<br><br><br>_____<br>Senior U.S. District Judge | I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed<br>on _____    August 8, 2008<br><br>_David J. Conde_<br>U.S. Probation Officer Specialist<br><br>_Stephen A. Lowers_<br>Supervising U.S. Probation Officer<br><br>Place:    Erie, PA |